Considered by MORRIS, SIEFKIN, and TRAMMELL.

FEDERAL-AMERICAN NATIONAL BANK, SUCCESSOR TO THE AMERICAN NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8932.   Promulgated January 3, 1928.

*Robert M. Heth, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

Murdock: In *Appeal of Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803, and *Appeal of Illinois Merchants Trust Co.*, 4 B. T. A. 103, we discussed at some length the difference between those expenditures properly designated ordinary and necessary expenses and those which are capital items. From the discussion in the latter case, it is apparent that the cost of repairs for the purpose of mending property or restoring it to a sound state, or for the purpose of keeping property in an ordinarily efficient operating condition is deductible as an ordinary and necessary expense, while the cost of alterations or improvements not needed for such purposes or which make the property adaptable to a different use is to be considered a capital expenditure. The Supreme Court has indicated the difference between the two classes of expenditures in *Union Pacific R. R. Co.* v. *United States*, 99 U. S. 402, p. 420, as follows:

\* \* \* Theoretically, the expenses chargeable to earnings include the general expenses of keeping up the organization of the company, and all expenses incurred in operating the works and keeping them in good condition and repair; whilst expenses chargeable to capital include those which are incurred in the original construction of the works, and in the subsequent enlargement and improvement thereof.

and again, in *Illinois Central R. R. Co.* v. *Interstate Commerce Commission*, 206 U. S. 441, pp. 462, 463, the court states as follows:

> \* \* \* It would seem as if expenditures for additions to construction and equipment, as expenditures for original construction and equipment, should be reimbursed by all of the traffic they accommodate during the period of their duration, and that improvements that will last many years will not be charged wholly against the revenue of a single year.
>
>   \*      \*      \*      \*      \*      \*      \*
>
> \* \* \* We think it is clear, that instrumentalities which are to be used for years should not be paid for by the revenues of a day or year; and this is the principal of returns upon capital which exists in durable shape.

Much of the work performed on the banking room was not in the nature of repairs. The appearance of the whole interior was greatly altered and the location and style of tellers' cages, executive offices and waiting rooms were changed. These were undoubtedly alterations and were in no sense made for the purpose of restoring the property to a sound state or of keeping it in an ordinarily efficient operating condition. The fact that very little new material was used is not controlling; much of the old material was recut and refinished and adapted to new uses and purposes. In this sense it was an improvement which facilitated the business of the bank and made its offices more attractive and more accessible to its patrons according to the testimony of the only officer of the bank who was called as a witness.

The petitioner in its pleadings admitted that $2,337.98 of the total amount in dispute was a capital expenditure and not deductible, but it did not state what item this sum represented. At the trial it abandoned its claim for deduction of the following items:

| | |
|---|---:|
| B. Stanley Simmons, architect's fee | $1,000.00 |
| B. Stanley Simmons, sundry items | 415.57 |
| National Mosaic Co | 43.39 |
| Fred S. Gichner | 56.60 |
| Total | 1,515.56 |

The petitioner offered in evidence three architect's certificates with receipts of the contractor attached, in the respective amounts of $1,500, $1,200 and $1,500.10, or a total of $4,200.10, but none of the certificates or receipts stated the nature or extent of the work or materials for which such certificate was issued and for which payment was made.

Although some of the expenditures may have been ordinary and necessary expenses, since neither their character nor cost has been shown, we are unable to segregate any such items and can not determine what part, if any, of the expenditures is deductible. *North*

*Street Trust* v. *Commissioner*, 6 B. T. A. 947; *Appeal of Sentinel Publishing Co.*, 2 B. T. A. 1211.

> *Judgment will be entered for the respondent.*

Considered by MORRIS, SIEFKIN, and TRAMMELL.